1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MISTER CARSE BAILEY,[1]                 Case No.  1:18-cv-01167-JDP (HC)

12              Petitioner,                 ORDER DIRECTING CLERK OF COURT TO
                                            ASSIGN CASE TO DISTRICT JUDGE
13       v.
                                            FINDINGS AND RECOMMENDATIONS TO
14  MARTIN BITER,                           DISMISS PETITION FOR WRIT OF
                                            HABEAS CORPUS AT SCREENING
15              Respondent.
                                            ECF No. 1
16
                                            OBJECTIONS DUE IN 14 DAYS
17

18          Petitioner Mister Carse Bailey, a state prisoner without counsel, seeks a writ of habeas

19  under 28 U.S.C. § 2254. ECF No. 1.  Petitioner lost good time credit after being disciplined for

20  fighting with another inmate and having a cellular phone in prison.  He refers the court to

21  administrative records attached to his petition and alleges that prison officials violated his due

22  process rights during his disciplinary hearings.  He does not, however, identify any procedural

23  defect or explain how prison officials deprived him of due process.  From what we can gather,

24  petitioner was afforded an opportunity to present his case, and we see no due process violation.

25  Petitioner also has not exhausted his remedies in state court.  The matter is before the court for

26

27  [1] All documents filed by petitioner, including several documents prepared by prison officials, list
    petitioner's first name as "Mister."  ECF No. 1 at 38.
28

                                              1

preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[2]  Because petitioner

states no cognizable claim and has not exhausted his remedies in state court, we recommend that

the court dismiss the petition at screening.

**I.      Screening**

Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas

petition and order a response to the petition unless it "plainly appears" that the petitioner is not

entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v.*

*Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  The rule allows courts to dismiss petitions that

are patently frivolous, vague, conclusory, palpably incredible, or false.  *Hendricks v. Vasquez*,

908 F.2d 490, 491 (9th Cir. 1990).  Unlike a complaint in other civil cases, a Section 2254

petition must adhere to a prescribed form that is appended to the Rules Governing Section 2254

Cases.  *See* Rules Governing Section 2254 Cases, Rule 2(d).  The appended form prompts a

habeas petitioner to provide answers pertaining to various procedural matters, such as exhaustion

and timeliness, and the court may dismiss claims at screening for procedural defects.  *See Boyd*,

147 F.3d at 1128.

**a.   Cognizable Habeas Claim under Federal Law**

Petitioner does not attempt to raise any argument in the petition.  The petition states:

> In re Head 42 Cal. 3d 22, 227-28 Cal. Rptr 184 721 P 2d 65 (1986)
>
> Due Process procedural
>
> See attachment
>
> Exhibits

ECF No. 1 at 5.  Petitioner has attached several exhibits to the petition, including: (1) an

administrative decision from petitioner's prison disciplinary hearing, which resulted in the loss of

---

[2] Petitioner originally filed a document titled "Writ of Mandamus" with the Ninth Circuit.  ECF
No. 1.  He attached to that filing a form commonly used for habeas petitions, *id*. at 3-8, which the
Ninth Circuit construed as a Section 2254 petition and forwarded to this court.  ECF No. 2.
Because the court of appeals has construed the document as a Section 2254 petition, the exclusive
remedy for state prisoners challenging their custody, *Dominguez v. Kernan*, 906 F.3d 1127, 1135
(9th Cir. 2018), we do the same here and screen the petition under the Rules Governing Section
2254 Cases.

good time credit for fighting, *id*. at 13-21; (2) a rules violation report issued for petitioner's possession of a cellular phone in prison, *id*. at 28-29l; and (3) an administrative report on the calculation of petitioner's release date, which was adjusted for his disciplinary violations, *id*. at 38-39.  Petitioner has not filed any brief in support of his petition.  We construe his petition as a challenge to the prison officials' disciplinary decisions, which ultimately extended petitioner's confinement at his prison, and infer that petitioner is claiming a violation of procedural due process and alleging erroneous decisions by the prison officials.  This court has habeas jurisdiction to consider petitioner's challenge to the prison disciplinary actions because a judgment favorable to petitioner—if he shows that prison officials erred by disciplining him by taking away his good time credit—would necessarily result in an earlier release date.  *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016).  Petitioner, however, may not proceed beyond screening because he fails to state a cognizable claim.

A federal district court can grant habeas relief when a state prisoner's custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition.  *See* § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003).  Under Section 2254, only a holding from the United States Supreme Court can support petitioner's claim.  *See Atwood v. Ryan*, 870 F.3d 1033, 1046 (9th Cir. 2017).

Here, petitioner states no cognizable claim under federal law.  Petitioner cites *In re Head*, a decision by the California Supreme Court, but that case concerned California state law, not federal law.  *See generally* 42 Cal. 3d 223 (1986).  The petition contains a bare reference to "Due Process procedural," ECF No. 1 at 5, but the petition itself offers no explanation of how a due process violation occurred, and petitioner has not filed a brief.  Petitioner appears to believe that this court should review prison officials' decisions to discipline him without any argument from him, but judges cannot serve pro se litigants as their advocates.  *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se

3

litigants).  Without any argument from petitioner, we may not construct an argument for him.[3]

**b. Exhaustion**

Petitioner concedes that he has not exhausted remedies in state court.  ECF No. 1 at 7.  His failure to exhaust state court remedies provides another ground for dismissal.

Generally, a federal court may not grant a state prisoner's petition for a writ of habeas corpus unless the prisoner has exhausted remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  To satisfy the exhaustion requirement, a petitioner must "fairly present" his habeas claims "in each appropriate state court . . . including a state supreme court with powers of discretionary review." *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018) (quoting *Baldwin v. Reese*, 541 U.S. 27, 30 (2004)).  The exhaustion requirement, rooted in the principles of comity, ensures that the state courts have "the first opportunity . . . to correct the errors made in the internal administration of their prisons." *Simpson v. Thomas*, 528 F.3d 685, 692 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)); *accord Beames v. Chappell*, No. 1:10-cv-01429, 2015 WL 403938, at *3 (E.D. Cal. Jan. 28, 2015) (collecting cases).  The exhaustion requirement applies even when a state prisoner challenges a prison administrative decision on disciplinary matters.  *See Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008).

Here, petitioner states in his petition that he has not exhausted remedies in state court.  *See* ECF No. 1 at 7-8.  We could not find a petition filed in state court in our independent research.  A petitioner's failure to exhaust can be excused in various ways, but we do not see a way to excuse the failure to exhaust here when petitioner has not filed even an untimely petition in state court.  Accordingly, the petition should not proceed beyond screening.

We recommend that the court dismiss the petition without prejudice.  It does not appear that petitioner can cure the defects discussed above through an amended petition or any supplemental submission.  We cannot recommend that the petitioner proceed beyond screening, given the complete absence of any identified due process violation or any attempt to exhaust state

---

[3] The exhibits show that petitioner had the opportunity to present his case in his disciplinary proceedings, *see* ECF No. 1 at 13-21, and we found no precedent that would support a due process claim under these circumstances.

1  court remedies.  Still, petitioner has no counsel.  The court should dismiss the petition without

2  prejudice, allowing petitioner to exhaust state court remedies to pursue any claim he might have

3  and return to this court with a new petition.

4  **II.      Certificate of Appealability**

5          A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

6  court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253;

7  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases

8  requires a district court to issue or deny a certificate of appealability when entering a final order

9  adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

10  1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes

11  "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This

12  standard requires the petitioner to show that "jurists of reason could disagree with the district

13  court's resolution of his constitutional claims or that jurists could conclude the issues presented

14  are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *see Slack*

15  *v. McDaniel*, 529 U.S. 473, 484 (2000).  The petitioner must show "something more than the

16  absence of frivolity or the existence of mere good faith."  *Miller-El*, 537 U.S. at 338.

17          Reasonable jurists would not disagree that the petition here is an unauthorized successive

18  petition and that it should not proceed further.  Thus, the court should decline to issue a certificate

19  of appealability.

20  **III.     Order**

21          The clerk of court is directed to assign this case to a district judge who will review the

22  following findings and recommendations.

23  **IV.     Findings and recommendations**

24          We recommend that the petition be dismissed without prejudice and that the court decline

25  to issue a certificate of appealability.  We submit the findings and recommendations to the U.S.

26  District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule

27  304 of the Local Rules of Practice for the United States District Court, Eastern District of

28  California.  Within fourteen days of the service of the findings and recommendations, petitioner

5

may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    May 20, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202